UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIK GAZAROV, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WASHINGTON, et al., <br><br> Defendants. | CASE NO. C17-1472 MJP <br><br> ORDER ON MOTION FOR SUMMARY JUDGMENT |

The above-entitled Court, having received and reviewed:

1. Defendants' Motion for Summary Judgment (Dkt. No. 11);

2. Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 17);

3. Defendants' Reply in Support of Motion for Summary Judgment (Dkt. No. 23);

all attached declarations and exhibits; and relevant portions of the record, rules as follows:

IT IS ORDERED that Plaintiff's case is DISMISSED without prejudice for failure to timely and properly serve the defendants.

**Background**

As this matter is being dismissed on procedural grounds, the substantive allegations of the complaint are not at issue here. Plaintiff initiated a lawsuit against the State of Washington and against a Washington State Patrol Trooper named Cody Walter. The matter was removed from state court.

Defendants allege (and Plaintiff does not controvert) that service was attempted in the following fashion: Individual service was attempted on Cody Walter, with the process server filing a declaration that, on August 29, 2017, he "provid[ed] service to C. Klein, who confirmed to me that he was a WSP [Washington State Patrol] agent authorized to accept service on behalf of the Defendant named herein, and who did willingly accept service in this matter." (Dkt. No. 2-5.)

Service on the WSP was attempted, according to the process server's declaration, through the Washington State Attorney General's Office. The document indicates that the process server "provid[ed] service to a staff person therein, who confirmed to me that he was authorized to accept service thereof, and who did willingly accept service in this matter." (Id.)

**Discussion**

Neither service attempt is in accordance with the Federal Rules of Civil Procedure. Individual defendants must be served pursuant to FRCP 4(e), which requires service (1) in accordance with state law, (2) by delivering a copy of the summons and complaint personally to the individual, (3) by leaving a copy at the individual's residence, or (4) by serving an authorized agent. FRCP 4(e)(1) – (2). Plaintiff's process server declares that an agent of WSP was authorized to accept service for Walter, but Walter filed a declaration indicating that (as of July 2016) he was no longer employed by WSP and no longer in this jurisdiction in August of 2017.

(Dkt. No. 12, Decl. of Walter at ¶ 2.) The WSP was thus not authorized to accept service on his behalf, and service has not properly been effected on him.

FRCP 4(j)(2) requires that a state agency be served by either service on the agency's chief executive officer or in accordance with state law. FRCP 4(j)(2)(A) – (B). The Washington state statute regarding service on a state agency clearly requires service upon the Attorney General or "by leaving the summons and complaint in the office of the attorney general *with an assistant attorney general*." RCW 4.92.020 (emphasis supplied). Plaintiff's declaration of service only indicates that "a staff person" in the AG's office accepted service. The law is Washington is clear: service on a "staff person" (even one claiming authority to accept service) is insufficient, and the statute is strictly construed. Landreville v. Shoreline Comm'y College Distr. No. 7, 53 Wn.App. 330, 332 (1988). The State of Washington has not been properly served.

Where defendants have not been properly served, the court lacks jurisdiction over them. S.E.C. v. Ross, 504 F.3d 1130, 1138 (9th Cir. 2007). In the face of a challenge to service, the burden is on the plaintiff to establish valid service under FRCP 4. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

**Conclusion**

Defendants raised the issue of improper service in their moving papers. Plaintiff made no response to Defendants' arguments concerning the validity of service and has entirely neglected to carry his burden of proof in this regard. Without proper service, this Court has no jurisdiction to proceed, and accordingly DISMISSES Plaintiff's claims without prejudice to re-assert them and cure the procedural defects noted above.

The clerk is ordered to provide copies of this order to all counsel.

Dated: February 14, 2018.

Marsha J. Pechman
United States District Judge